**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ANGEL LUIS SEPÚLVEDA-VEGA OLGA MARÍA RIVAS-BERRIOS, IRISEL SÁNCHEZ-CARRION, Plaintiffs, v. COMMISSIONER OF SOCIAL SECURITY, Defendant. | CIV. NO. 23-1268 (MDM) CIV. NO. 23-1320 (MDM) CIV. NO. 23-1428 (MDM) |

**JUDGMENT**

All three of the above-captioned cases share a common procedural history and have common questions of fact and law. In each case, the plaintiffs respectively applied for social security disability insurance benefits and the Commissioner of the Social Security Administration (the "Commissioner") issued initially favorable determinations for each plaintiff and they were awarded disability insurance benefits. Sometime later, however, the disability insurance benefits were suspended because the Social Security Administration (the "SSA") had reason to believe that fraud or similar fault was involved in the initial application. As a result, the cases were remanded for new hearings and redeterminations of the plaintiffs' entitlement to disability insurance benefits. On redetermination, the Commissioner found that none of plaintiffs were disabled as defined by the Social Security Act and, therefore, their benefits were revoked.

Pending before the Court are plaintiffs Angel Luis Sepúlveda-Vega ("plaintiff Sepúlveda"), Olga María Rivas-Berrios ("plaintiff Rivas"), and Irisel Sánchez-Carrion's ("plaintiff Sánchez") actions against the Commissioner challenging and moving to vacate the redetermination of their entitlement to disability insurance benefits.

*Sepúlveda-Vega v. Commissioner of Social Security*, 23-1268 (MDM)          Page | 2
*Rivas-Berrios v. Commissioner of Social Security*, 23-1320 (MDM)
*Sánchez-Carrion v. Commissioner of Social Security*, 23-1428 (MDM)

The Court has jurisdiction over the Commissioner's redetermination decisions in all cases under 42 U.S.C. § 405(g) and all parties have consented to the entry of final judgment by a United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal being directed to the Court of Appeals for the First Circuit.

For the reasons announced on the record during oral argument, as well as those set forth below, the plaintiffs' respective motions are **DENIED**, and the Commissioner's decision is **AFFIRMED** in all three cases.

## I.    Administrative and Procedural Background

### A.    Plaintiff Sepúlveda

Plaintiff Sepúlveda applied for Title II social security disability benefits in June 2011, claiming disability since November 2, 2010 (his alleged onset date). He alleged that he became disabled on November 2, 2010, due to back problems, a cervical condition, pain, carpal tunnel syndrome, numbness in his arms and legs, and depression. In connection with his application, plaintiff Sepúlveda submitted medical evidence from Dr. José Hernández González (hereinafter "Dr. Hernández González"). (*See* Transcript in Civ. No. 23-1268 (MDM) at 671-76, 682-85, 692-95). Dr. Hernández González also provided a disability report that non-attorney representative Samuel Torres Crespo (hereinafter "Torres Crespo") completed on his behalf. (*Id.* at 573-80). On February 10, 2012, the SSA found that plaintiff Sepúlveda was disabled and therefore entitled to disability insurance benefits ("DIB").

In August 2013, a grand jury returned an indictment against Torres Crespo, charging him with making a false statement or representation to the SSA in violation of 42 U.S.C. § 408(a)(3) and committing wire and mail fraud in violation of 18 U.S.C. §§ 1341, 1343. (*Id.* at 475-89). Two months later, in October 2013, the government filed an information charging Dr. Hernández González with conspiracy to make false statements to the SSA in violation of 18 U.S.C. § 371. *See United States v. Hernández González*, 13-cr-00781 (FAB) (D.P.R.) (Docket

*Sepúlveda-Vega v. Commissioner of Social Security*, 23-1268 (MDM)          Page | 3
*Rivas-Berrios v. Commissioner of Social Security*, 23-1320 (MDM)
*Sánchez-Carrion v. Commissioner of Social Security*, 23-1428 (MDM)

No. 2 at 3). That same day, Dr. Hernández González pleaded guilty to the conspiracy charge and stipulated that, beginning in roughly 2008,

> [he] changed the focus of his practice to treating many applicants for Social Security Administration disability insurance benefits. He associated himself with a non-attorney representative by the name of Samuel Torres Crespo, and they agreed to share in the proceeds Torres Crespo received as payment from approved beneficiaries. Dr. Hernández and Torres Crespo would exaggerate medical complaints and symptoms in order to maximize the probability that applicants would be approved for the disability benefits. Patients were also referred to medical specialists, including psychiatrists, for medical diagnosis and treatment, where the patient's condition did not warrant the referral. Two of these psychiatrists were Erica Rivera Castro, M.D., and Rafael Miguez [sic] Balseiro, among others. These referrals were made to particular doctors who would also exaggerate or fabricate conditions for the patients, in order to strengthen the application for DIB.

(Transcript in Civ. No. 23-1268 at 516). He also informed the SSA's Office of the Inspector General ("OIG") that fraud was involved in the "vast majority" of his treatment relationships. (Transcript in Civ. No. 23-1268 at 465-66).

In September 2014, Torres Crespo pleaded guilty to violating 42 U.S.C. § 408(a)(3) by making false statements or representations to the SSA. (*Id.* at 526-33). As part of his guilty plea, Torres Crespo admitted that he submitted fraudulent disability reports to the SSA. (*Id.* at 526-27, 534-35). The allegations Torres Crespo made in those fraudulent adult disability reports are largely similar to those contained in the adult disability report he completed for plaintiff Sepúlveda as part of his application for DIB in this consolidated case.

Due, in part, to the large number of cases involving fraud committed by Torres Crespo and Dr. Hernández González, Congress instructed the SSA to

*Sepúlveda-Vega v. Commissioner of Social Security*, 23-1268 (MDM)                                    Page | 4
*Rivas-Berrios v. Commissioner of Social Security*, 23-1320 (MDM)
*Sánchez-Carrion v. Commissioner of Social Security*, 23-1428 (MDM)

"immediately redetermine the entitlement of individuals to [DIB] if there is reason to believe that fraud or similar fault was involved in the application of the individual for such benefits." 42 U.S.C. § 405(u)(1)(A). When conducting the redetermination, the SSA must "disregard any evidence if there is reason to believe that fraud or similar fault was involved in the providing of such evidence." (*Id.* at § 405(u)(1)(B)). If the agency determines that the remaining, non-fraudulent evidence is *insufficient* to support the individual's entitlement to DIB, it "may terminate such entitlement and may treat benefits paid on the basis of such insufficient evidence as overpayments." (*Id.* at § 405(u)(3)).

In compliance with the above, a redetermination hearing was scheduled for plaintiff Sepúlveda to determine whether fraud or similar fault was involved in his application for DIB. Following the hearing, an ALJ issued an unfavorable redetermination decision in January 2017. (*Id.* at 37-52). Plaintiff Sepúlveda sought judicial review (*Id.* at 1408-11), and the court remanded the case because plaintiff was denied "the opportunity to challenge the application of fraud and similar fault to his case and the consequent disregard of entire medical reports." (*Id.* at 1427); *see* 42 U.S.C. § 405(g). The agency appealed in September 2019 (*id.* at 1428), but then voluntarily dismissed that appeal in February 2020. (*Id.* at 1430).

Pursuant to the court's order, therefore, the Appeals Council remanded the case to an ALJ with orders to "[d]etermine whether there is a reason to believe that the provision of evidence in support of the beneficiary's application involved fraud or similar fault," and if so, "to offer the beneficiary an opportunity for a hearing where the beneficiary will have the opportunity to rebut the exclusion of evidence in [his] case." *Id.* at 1442. *See also* 20 C.F.R. § 404.983(a).

Accordingly, in April 2022, the SSA sent plaintiff Sepúlveda a notice of hearing in which it explained that it was required to redetermine his eligibility for benefits under § 405(u) because Torres Crespo and Hernández González had pleaded guilty to making false statements to the agency. (Transcript in Civ.

*Sepúlveda-Vega v. Commissioner of Social Security*, 23-1268 (MDM)                    Page | 5
*Rivas-Berrios v. Commissioner of Social Security*, 23-1320 (MDM)
*Sánchez-Carrion v. Commissioner of Social Security*, 23-1428 (MDM)

No. 23-1268 at 1606-07). The notice also identified the suspect exhibits and informed plaintiff Sepúlveda that he could make arguments and submit evidence related to the issue of exclusion. (*Id.* at 1608). The ALJ held the remand hearing two months later in June 2022. (*Id.* at 864-92). At the hearing, the ALJ again explained that the guilty pleas from Torres Crespo and Dr. Hernández González gave reason to believe that fraud or similar fault was present in plaintiff's case (i*d.* at 865-66) and identified the suspect exhibits. (*Id.* at 869). She also provided plaintiff's attorney with the opportunity to argue why the Torres Crespo and Dr. Hernández González evidence should not be disregarded. Plaintiff Sepúlveda's attorney utilized that opportunity to challenge the exclusion of the Torres Crespo and Dr. Hernández González evidence. (*Id.* at 869-70).

The ALJ then issued the instant redetermination decision in July 2022. (*Id.* at 832-53). She explained in her decision that she disregarded the adult disability report that Torres Crespo completed for plaintiff because "there [was] reason to believe that the provision of [this] evidence . . . involved fraud or similar fault." (*Id.* at 834); 42 U.S.C. § 405(u)(1)(B). She also disregarded the medical records submitted by Dr. Hernández González for the same reason.

After segregating out the fraudulent evidence, the ALJ was then required to consider the remaining evidence in the same way she would in a typical disability case. *See* Social Security Ruling ("SSR") 22-1p, 2022 WL 2533116, at *4 (May 17, 2022) ("we will consider all other evidence that relates to the individual's entitlement or eligibility during the period at issue in the redetermination, in accordance with our rules"). Accordingly, the ALJ utilized the regulatory five-step sequential process for evaluating disability claims (Transcript in Civ. No. 23-1268 at 838-53) and found that plaintiff was not disabled from November 2, 2010, his alleged onset date, through the date of the original award, February 10, 2012, because he could perform jobs existing in significant numbers in the national economy. (*Id.* at 851-52); *see* 20 C.F.R. § 404.1520(a)(4)(i)-(v) (describing the steps in the sequential evaluation); *see* 20 C.F.R. § 404.1566(b) (if the claimant can

*Sepúlveda-Vega v. Commissioner of Social Security*, 23-1268 (MDM)                    Page | 6
*Rivas-Berrios v. Commissioner of Social Security*, 23-1320 (MDM)
*Sánchez-Carrion v. Commissioner of Social Security*, 23-1428 (MDM)

perform work in the national economy, he is not disabled); *see also* SSR 22-1p, 2022 WL 2533116 at *6 (the redetermination "consider[s] the claim only through . . . the date of the original favorable determination or decision"). Thus, the ALJ terminated plaintiff Sepúlveda's benefits and treated those already paid as overpayments because the non-fraudulent evidence in his file was insufficient to support the original disability award. (Transcript in Civ. No. 23-1268 at 853); 42 U.S.C. § 405(u)(3).

Plaintiff appealed that decision to the Appeals Council, and in April 2023, the Appeals Council declined to assume jurisdiction over the ALJ's July 2022 redetermination decision, making that redetermination decision the Commissioner's final decision. 20 C.F.R. § 404.984.

On May 24, 2023, plaintiff Sepúlveda filed the above-captioned complaint seeking judicial review. He subsequently filed a memorandum of law in support of his allegation that the ALJ's decision was not based on substantial evidence as required by 42 U.S.C. § 405(g) and that the Commissioner erred in determining that he was not entitled to disability insurance benefits. In response, the Commissioner filed a motion requesting that the Court affirm its prior decision. The Court scheduled the case for oral argument. Oral argument was then held on June 26, 2024.

### B.     Plaintiff Rivas

Plaintiff Rivas, with assistance from non-attorney representative Torres Crespo, filed for DIB in January 2011. Plaintiff alleged that she became disabled on June 30, 2010, due to back problems, a cervical condition, pain, carpal tunnel syndrome, numbness in her arms and legs, and depression. (Transcript in Civ. No. 23-1320 at 1029). In connection with her application, plaintiff Rivas submitted medical evidence from Dr. Hernández González and Dr. Wildo Vargas ("Dr. Vargas"). She also provided disability reports that Torres Crespo completed on her behalf. After plaintiff amended her alleged onset date to February 1, 2011,

*Sepúlveda-Vega v. Commissioner of Social Security*, 23-1268 (MDM)                                                    Page | 7
*Rivas-Berrios v. Commissioner of Social Security*, 23-1320 (MDM)
*Sánchez-Carrion v. Commissioner of Social Security*, 23-1428 (MDM)

an ALJ determined on May 4, 2012, that plaintiff Rivas was disabled as of that amended date and therefore entitled to DIB. (*Id.* at 511-22).

In August 2013, a grand jury returned an indictment against Torres Crespo and Dr. Vargas, charging both with making a false statement or representation to the SSA in violation of 42 U.S.C. § 408(a)(3). (*Id.* at 827-41). It also charged Torres Crespo with committing wire and mail fraud in violation of 18 U.S.C. §§ 1341, 1343. (*Id.* at 835-39). Two months later, in October 2013, the government filed an information charging Dr. Hernández González with conspiracy to make false statements to the SSA in violation of 18 U.S.C. § 371. *United States v. Hernández González*, 13-cr-00781 (FAB) (D.P.R.) (Docket No. 2 at 3). That same day, Dr. Hernández González pleaded guilty to the conspiracy charge, and made the same stipulation that was described in plaintiff Sepúlveda's procedural history where Dr. Hernández González stipulated that he changed the focus of his practice to treating many applications for disability insurance benefits and associated himself with Torres Crespo to defraud the SSA. (*Id.* at 744).

As described above, Dr. Hernández González also informed the OIG that fraud was involved in the "vast majority" of his treatment relationships. (*Id.* at 693-94). He further told the OIG that he would refer patients to different doctors who would create additional fraudulent medical records. Dr. Hernández González referred plaintiff Rivas to Dr. Vargas.

Just as above, in September 2014, Torres Crespo pleaded guilty to violating 42 U.S.C. § 408(a)(3) by making false statements or representations to the SSA. (Transcript in Civ. No. 23-1320 at 754-63). As part of his guilty plea, Torres Crespo admitted that he submitted fraudulent disability reports to the SSA. *Id.* The allegations Torres Crespo made in those fraudulent adult disability reports are largely similar to those contained in the adult disability report he completed for plaintiff Rivas in this case.

In September 2014, Dr. Vargas also pleaded guilty to violating 42 U.S.C. § 408(a)(3). (Transcript in Civ. No. 23-1320 at 745-51). He admitted to submitting

*Sepúlveda-Vega v. Commissioner of Social Security*, 23-1268 (MDM)                                   Page | 8
*Rivas-Berrios v. Commissioner of Social Security*, 23-1320 (MDM)
*Sánchez-Carrion v. Commissioner of Social Security*, 23-1428 (MDM)

"false and fraudulent medical reports to the SSA," which stated that certain individuals were "disabled and unable to work" despite those individuals "not suffering from any disabling medical or psychiatric conditions." (*Id.* at 752-53).

Because Congress has instructed the SSA to "immediately redetermine the entitlement of individuals to [DIB] if there is reason to believe that fraud or similar fault was involved in the application of the individual for such benefits," 42 U.S.C. § 405(u)(1)(A), after holding two new hearings, an ALJ issued an unfavorable redetermination decision in July 2017. (Transcript in Civ. No. 23-1320 at 529-41). Plaintiff requested review of the redetermination, and the Appeals Council granted plaintiff's request, vacated the decision, and remanded the matter for a new decision and hearing. (*Id.* at 549-51); 20 C.F.R. § 404.977(a). After holding another hearing, the same ALJ issued a redetermination decision in April 2019 in which he excluded and disregarded various exhibits due to fraud or similar fault and determined that the remaining evidence was insufficient to support plaintiff's initial disability award. (Transcript in Civ. No. 23-1320 at 21-48).

Plaintiff sought judicial review of that redetermination decision and the parties filed a "consent motion for remand" because "[p]laintiff was not offered the opportunity to rebut the exclusion of evidence at her hearing before an ALJ." *Rivas-Berrios v. Saul*, 19-cv-02069 (CVR) (D.P.R.) (Rivas Berrios I) (Docket No. 9 at 3). The court granted the motion and "remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g)[.]" In compliance with the court's order, the Appeals Council remanded the case to the current ALJ and instructed her to "offer [plaintiff] an opportunity for a hearing where [she would] have the opportunity to rebut the exclusion of evidence in [her] case." (Transcript in Civ. No. 23-1320 at 1463); 20 C.F.R. § 404.983(a).

In April 2022, the SSA sent plaintiff a notice of hearing in which it explained that it was required to redetermine her eligibility for benefits under § 405(u) because Torres Crespo, Dr. Hernández González and Dr. Vargas all pleaded guilty to making false statements to the agency. The notice also identified the suspect

*Sepúlveda-Vega v. Commissioner of Social Security*, 23-1268 (MDM)    Page | 9
*Rivas-Berrios v. Commissioner of Social Security*, 23-1320 (MDM)
*Sánchez-Carrion v. Commissioner of Social Security*, 23-1428 (MDM)

exhibits and informed plaintiff that she could make arguments and submit evidence related to the issue of exclusion. The ALJ held the remand hearing two months later in June 2022. (Transcript in Civ. No. 23-1320 at 1278-98). At the hearing, she again explained that Torres Crespo, Dr. Hernández González and Dr. Vargas pleaded guilty to making false statements to the SSA and identified the suspect exhibits. (*Id*. at 1279-1282). The ALJ also provided plaintiff's attorney with the opportunity "make a statement with respect to those exhibits and whether they should or should not be disregarded due to fraud or similar fault." *Id*. Plaintiff's attorney utilized that opportunity to challenge the exclusion of the Torres Crespo, Dr. Hernández González and Dr. Vargas evidence. (*Id*. at 1282-83).

The ALJ issued the current redetermination decision in August 2022. (*Id*. at 1249-68). She disregarded six non-medical forms submitted by Torres Crespo because "there [was] reason to believe that the provision of [this] evidence . . . involved fraud or similar fault." (*Id*. at 1250-51); 42 U.S.C. § 405(u)(1)(B). For the same reason, the ALJ disregarded the medical records from Dr. Vargas and Dr. Hernández González. *Id*.

After segregating out the fraudulent evidence, the ALJ was then required to consider the remaining evidence in the same way she would in a typical disability case. *See* Social Security Ruling ("SSR") 22-1p, 2022 WL 2533116, at *4 (May 17, 2022) ("we will consider all other evidence that relates to the individual's entitlement or eligibility during the period at issue in the redetermination, in accordance with our rules"). Accordingly, the ALJ utilized the regulatory five-step sequential process for evaluating disability claims (Transcript in Civ. No. 23-1320 at 1255-68) and found that plaintiff was not disabled from her alleged onset date through the date of the original award, May 4, 2012, because she could perform jobs existing in significant numbers in the national economy. (*Id*. at 1266-67); *see* 20 C.F.R. § 404.1520(a)(4)(i)-(v) (describing the steps in the sequential evaluation); *id*. § 404.1566(b) (if the claimant can perform work in the national economy, she is not disabled); *see also* SSR 22-1p, 2022 WL 2533116 at *6 (the redetermination

*Sepúlveda-Vega v. Commissioner of Social Security*, 23-1268 (MDM)       Page | 10
*Rivas-Berrios v. Commissioner of Social Security*, 23-1320 (MDM)
*Sánchez-Carrion v. Commissioner of Social Security*, 23-1428 (MDM)

"consider[s] the claim only through . . . the date of the original favorable determination or decision"). As a result, the ALJ terminated plaintiff's benefits and treated those already paid as overpayments because the non-fraudulent evidence in her file was insufficient to support the original disability award. (Transcript in Civ. No. 23-1320 at 1268); 42 U.S.C. § 405(u)(3).

Plaintiff appealed that decision to the Appeals Council and in May 2023, the Appeals Council declined to assume jurisdiction over the ALJ's August 2022 redetermination decision, making that redetermination decision the Commissioner's final decision. 20 C.F.R. § 404.984. Plaintiff Rivas later filed the above-captioned complaint seeking judicial review of that decision. (Docket No. 1). She subsequently filed a memorandum of law in support of her allegation that the ALJ's decision was not based on substantial evidence as required by 42 U.S.C. § 405(g) and that the Commissioner erred in determining that she was not entitled to disability insurance benefits. In response, the Commissioner filed a motion requesting that the Court affirm its prior decision. The Court scheduled the case for oral argument. Oral argument was then held on June 26, 2024.

C.       Plaintiff Sánchez

Plaintiff Sánchez, with assistance from non-attorney representative Torres Crespo, filed for DIB in November 2009. He alleged that he became disabled on June 24, 2009, due to a variety of physical and mental impairments. In connection with his application, plaintiff submitted medical evidence involving Dr. Hernández González. He also provided a disability report that Torres Crespo completed on his behalf. On February 26, 2010, the agency determined that plaintiff became disabled as of his alleged onset date and was therefore entitled to DIB. (Transcript in Civ. No. 23-1428 at 146).

As noted above, in August 2013, a grand jury returned an indictment against Torres Crespo charging him with making a false statement or representation to the SSA in violation of 42 U.S.C. § 408(a)(3) and committing wire and mail fraud in violation of 18 U.S.C. §§ 1341, 1343. (*Id.* at 267-81). Two months

*Sepúlveda-Vega v. Commissioner of Social Security*, 23-1268 (MDM)                                    Page | 11
*Rivas-Berrios v. Commissioner of Social Security*, 23-1320 (MDM)
*Sánchez-Carrion v. Commissioner of Social Security*, 23-1428 (MDM)

later in October 2013, the government filed an information charging Dr. Hernández González with conspiracy to make false statements to the SSA in violation of 18 U.S.C. § 371. *United States v. Hernández-González*, 13-cr-00781 (FAB) (D.P.R.) (Docket No. 2 at 3). That same day, Dr. Hernández González pleaded guilty to the conspiracy charge, and made the same stipulation that was described in plaintiff Sepúlveda's procedural history where Dr. Hernández González stipulated that he changed the focus of his practice to treating many applications for disability insurance benefits and associated himself with Torres Crespo to defraud the SSA. (Transcript in Civ. No. 23-1428 at 301-307). He also informed the SSA's OIG that fraud was involved in the "vast majority" of his treatment relationships. (*Id.* at 257-58).

Once more, in September 2014, Torres Crespo pleaded guilty to violating 42 U.S.C. § 408(a)(3) by making false statements or representations to the SSA. (*Id.* at 318-25). As part of his guilty plea, Torres Crespo admitted that he submitted fraudulent disability reports to the SSA. The allegations Torres Crespo made in those fraudulent disability reports are largely similar to those contained in the adult disability report he completed for plaintiff Sánchez in this case.

Because Congress has instructed the SSA to "immediately redetermine the entitlement of individuals to [DIB] if there is reason to believe that fraud or similar fault was involved in the application of the individual for such benefits," 42 U.S.C. § 405(u)(1)(A), the agency commenced the redetermination for plaintiff Sánchez in April 2014. Following a hearing, an ALJ issued an unfavorable redetermination decision in October 2016. (Transcript in Civ. No. 23-1428 at 26-45).

Plaintiff sought judicial review, and the parties filed a "consent motion for remand" because "[p]laintiff was not offered the opportunity to rebut the exclusion of evidence at [his] hearing before an ALJ." (*Id.* at 754). The court granted the motion and "remanded pursuant to sentence four of 42 U.S.C. § 405(g)[.]" (*Id.* at 751). In compliance with the court's order, the Appeals Council vacated the October 2016 redetermination, remanded the case to the current ALJ, and instructed her

*Sepúlveda-Vega v. Commissioner of Social Security*, 23-1268 (MDM)          Page | 12
*Rivas-Berrios v. Commissioner of Social Security*, 23-1320 (MDM)
*Sánchez-Carrion v. Commissioner of Social Security*, 23-1428 (MDM)

to "offer [plaintiff] an opportunity for a hearing where [he would] have the opportunity to rebut the exclusion of evidence in [his] case." (*Id*. at 763); 20 C.F.R. § 404.983(a).

In June 2022, the SSA sent plaintiff Sánchez a notice of hearing in which it explained that it was required to redetermine his eligibility for benefits under § 405(u) because Torres Crespo and Dr. Hernández González pleaded guilty to making false statements to the agency. The notice also identified the suspect exhibits and informed plaintiff Sánchez that he could make arguments and submit evidence related to the issue of exclusion.

The ALJ held the remand hearing three months later in September 2022. At the hearing, she again explained that the case was being redetermined due to the presence of the Torres Crespo and Dr. Hernández González evidence (Transcript in Civ. No. 23-1428 at 687) and identified the suspect exhibits. The ALJ then remedied the problem in the first redetermination decision by providing plaintiff's attorney with "an opportunity to rebut the exclusion of evidence." (*Id*. at 688). Plaintiff's attorney utilized that opportunity to challenge the exclusion of the Torres Crespo and Dr. Hernández González evidence.

The ALJ issued the current redetermination decision later that same month. (*Id*. at 657-76). The ALJ explained in her decision that she disregarded the adult disability form that Torres Crespo completed for plaintiff Sánchez because "there [was] reason to believe fraud or similar fault was involved in the provision of this evidence." (*Id*. at 659; 42 U.S.C. § 405(u)(1)(B). The ALJ also disregarded many of the medical records submitted by Dr. Hernández González for the same reason.

After segregating out the fraudulent evidence, the ALJ was then required to consider the remaining evidence in the same way she would have in a typical disability case. *See* SSR 22-1p, 2022 WL 2533116, at *4 (May 17, 2022) ("we will consider all other evidence that relates to the individual's entitlement or eligibility during the period at issue in the redetermination, in accordance with our rules"). Accordingly, the ALJ utilized the regulatory five-step sequential process for

*Sepúlveda-Vega v. Commissioner of Social Security*, 23-1268 (MDM)          Page | 13
*Rivas-Berrios v. Commissioner of Social Security*, 23-1320 (MDM)
*Sánchez-Carrion v. Commissioner of Social Security*, 23-1428 (MDM)

evaluating disability claims (Transcript in Civ. No. 23-1428 at 663-75) and found that plaintiff was not disabled from his alleged onset date through the date of the original award, February 26, 2010, because he could perform jobs existing in significant numbers in the national economy. (Transcript in Civ. No. 23-1428 at 673-75); *see* 20 C.F.R. § 404.1520(a)(4)(i)-(v) (describing the steps in the sequential evaluation); *id*. § 404.1566(b) (if the claimant can perform work in the national economy, he is not disabled); *see also* SSR 22-1p, 2022 WL 2533116 at \*6 (the redetermination "consider[s] the claim only through . . . the date of the original favorable determination or decision"). Consequently, the ALJ terminated plaintiff's benefits and noted that those already paid could be treated as overpayments because the non-fraudulent evidence in plaintiff's file was insufficient to support the original disability award. (Transcript in Civ. No. 23-1428 at 675); 42 U.S.C. § 405(u)(3).

Plaintiff appealed that decision to the Appeals Council and in June 2023, the Appeals Council declined to assume jurisdiction over the ALJ's redetermination decision, making that redetermination decision the Commissioner's final decision. 20 C.F.R. § 404.984. Plaintiff Sánchez later filed the above-captioned complaint seeking judicial review. (Docket No. 1). He subsequently filed a memorandum of law in support of his allegation that the ALJ's decision was not based on substantial evidence as required by 42 U.S.C. § 405(g) and that the Commissioner erred in making the redetermination decision that he was not entitled to disability insurance benefits. In response, the Commissioner filed a motion requesting that the Court affirm its prior decision. The Court scheduled the case for oral argument, which was held on June 26, 2024.

## II.    **Standard of Review**

Judicial review of Social Security administrative determinations is authorized by 42 U.S.C. § 405(g). The court's function is limited to determining whether the Commissioner's decision is supported by substantial evidence. *Id*. "Substantial evidence means 'more than a mere scintilla. It means such relevant

*Sepúlveda-Vega v. Commissioner of Social Security*, 23-1268 (MDM)                                        Page | 14
*Rivas-Berrios v. Commissioner of Social Security*, 23-1320 (MDM)
*Sánchez-Carrion v. Commissioner of Social Security*, 23-1428 (MDM)

evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Visiting Nurse Ass'n Gregoria Auffant, Inc. v. Thompson*, 447 F.3d 68, 72 (1st Cir. 2006) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Substantial evidence, in turn, is evidence that "a reasonable mind . . . could accept . . . as adequate to support [a] conclusion." *Purdy v. Berryhill*, 887 F.3d 7, 13 (1st Cir. 2018) (quoting *Rodríguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981)). As the United States Supreme Court recently explained in *Biestek v. Berryhill*:

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. *T-Mobile South, LLC v. Roswell*, 574 U.S. ___, ___, 135 S. Ct. 808, 815, 190 L. Ed. 2d 679 (2015). Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938) (emphasis deleted). And whatever the meaning of "substantial" in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is "more than a mere scintilla." *Ibid.*; *see, e.g., Perales*, 402 U.S. at 401, 91 S. Ct. 1420 (internal quotation marks omitted). It means—and means only— "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison*, 305 U.S. at 229, 59 S. Ct. 206. *See, Dickinson v. Zurko*, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999) (comparing the substantial-evidence standard to the deferential clearly-erroneous standard).

*Biestek v. Berryhill*, 203 L. Ed. 2d 504, 139 S. Ct. 1148, 1154 (2019). Thus, even if the record could justify a different conclusion, the court must affirm the Commissioner's findings so long as they are supported by substantial evidence. *Evangelista v. Sec'y of Health and Human Servs.*, 826 F.2d 136, 144 (1st Cir. 1987) (quoting *Rodríguez Pagán v. Secr'y of Health and Human Servs.*, 819 F.2d 1, 3 (1st Cir. 1987)).

*Sepúlveda-Vega v. Commissioner of Social Security*, 23-1268 (MDM)                                    Page | 15
*Rivas-Berrios v. Commissioner of Social Security*, 23-1320 (MDM)
*Sánchez-Carrion v. Commissioner of Social Security*, 23-1428 (MDM)

That is to say that where the court finds that there is substantial evidence supporting the Commissioner's decision, it must be upheld, even if there is also substantial evidence for the plaintiff's position. 20 C.F.R. Sec 404.1546(c). *See Rodríguez Pagán*, 819 F.2d at 3 (courts "must affirm the [Commissioner's] resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence."). Absent a legal or factual error in the evaluation of a claim, moreover, the court must uphold a denial of Social Security disability benefits. *Manso-Pizarro v. Sec'y of Health and Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).

In reviewing the record for substantial evidence, courts must keep in mind that "(i)ssues of credibility and the drawing of permissible inferences from evidentiary facts are the prime responsibility of the [Commissioner]," and "the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for [him], not for the doctors or for the courts." *Id.* (internal quotation marks omitted). *Purdy v. Berryhill*, 887 F.3d 7, 13 (1st Cir. 2018). As such, courts will not second-guess the Commissioner's resolution of conflicting evidence. *See Irlanda Ortíz v. Sec'y of Health and Human Serv.*, 955 F.2d 765, 769 (1st Cir. 1991). After reviewing the pleadings and record transcript, the court has the power to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner." 42 U.S.C. § 405(g).

### III.    The Decision

Having laid out the common procedural history of all three cases, the Court begins by recognizing that at the forefront of its decision is the well-settled policy that Congress has instructed the SSA to "immediately redetermine the entitlement of individuals to [DIB] if there is reason to believe that fraud or similar fault was involved in the application of the individual for such benefits." 42 U.S.C. § 405(u)(1)(A). When conducting the redetermination, the SSA must "disregard any evidence if there is reason to believe that fraud or similar fault was involved in the providing of such evidence." *Id.* at 405(u)(1)(B). If the agency determines

*Sepúlveda-Vega v. Commissioner of Social Security*, 23-1268 (MDM)          Page | 16
*Rivas-Berrios v. Commissioner of Social Security*, 23-1320 (MDM)
*Sánchez-Carrion v. Commissioner of Social Security*, 23-1428 (MDM)

that the remaining, non-fraudulent evidence is insufficient to support the individual's entitlement to DIB, it "may terminate such entitlement and may treat benefits paid on the basis of such insufficient evidence as overpayments." *Id*. at 405 (u)(3).

In the three cases before the Court, the plaintiffs challenge the agency's redetermination decisions terminating their initial entitlement to DIB awards. In all cases, after following social security law and the required administrative procedures, the agency found that there was reason to believe that fraud or similar fault was involved in the evidence provided in all three cases. More specifically, evidence prepared by Torres Crespo and Dr. Hernández González, in all three cases, and Dr. Vargas, in one case. *See* 42 U.S.C. § 405(u)(1)(A). The plaintiffs here challenge the agency's redetermination decision vacating their benefits, bringing forth a series of unsupported and undeveloped procedural challenges to the manner in which the agency conducts § 405(u) redeterminations. Such challenge, however, goes up in smoke because the plaintiffs' arguments were only cursorily raised in their briefs and lacked a coherent discussion and a well-developed line of reasoning. Moreover, the pleadings presented by the plaintiffs are plagued by incomplete and incorrect citations to the transcripts and little to no citation to case law, they reference the wrong claimant at times, and portions of the discussion appear to refer to different cases.

Because arguments that are raised in a perfunctory manner are forfeited, the Court finds that plaintiffs skeletal, incomplete, and wholly underdeveloped arguments are inadequate and cannot escape forfeiture. *See United States v. Nelson-Rodríguez*, 319 F.3d 12, 53 (1st Cir. 2003). It is a well-settled rule that insufficiently developed arguments are deemed waived. *See Martínez-Rivera v. Commonwealth of Puerto Rico*, 812 F.3d 69, 78-79 (1st Cir. 2016); *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones. As we recently

*Sepúlveda-Vega v. Commissioner of Social Security*, 23-1268 (MDM)                    Page | 17
*Rivas-Berrios v. Commissioner of Social Security*, 23-1320 (MDM)
*Sánchez-Carrion v. Commissioner of Social Security*, 23-1428 (MDM)

said in a closely analogous context: Judges are not expected to be mindreaders. Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace.") (cleaned up). *See also Rivera–Muriente v. Agosto–Alicea*, 959 F.2d 349, 351 n.2 (1st Cir. 1992) (citing *Zannino*, 895 F.2d at 17, for the canonical rule that arguments not developed in any meaningful way are waived). *See also Citizens Awareness Network, Inc. v. U.S. Nuclear Regulatory Comm'n,* 59 F.3d 284, 293-94 (1st Cir. 1995) ("[I]ssues adverted to in a perfunctuary manner, unaccompanied by some effort at developed argumentation, are deemed waived."); *Roland M. v. Concord Sch. Comm.,* 910 F.2d 983, 997 n.8 (1st Cir. 1990) (relying on *Zannino,* 895 F.2d at 17 (for the point that "issues adverted to in passing, without any attempt at developed argumentation, are waived").

Courts do not (and should not) generally entertain arguments skeletally raised nor should courts put the flesh onto the threadbare bones of insufficient pleadings. It is not an option for courts to play the role of litigator and fill in the blank spaces of the parties' inadequate and deficient pleadings. That "would divert precious judge-time from other litigants who could have their cases resolved thoughtfully and expeditiously because they followed the rules." *Rodríguez-Machado v. Shinseki*, 700 F.3d 48, 50 (1st Cir. 2012). Moreover, it would force the court to impermissibly assume the role of plaintiff's advocate. *Whole Woman's Health v. Jackso*n, 142 S. Ct. 522, 532 (2021) (judges do not "wage battle as contestants in the parties' litigation"); *see Lawton v. Astrue*, No. 11-189, 2012 WL 3019954, at *6 (D.N.H. July 24, 2012) ("When presented with an inadequate motion to reverse the Commissioner's decision, it is not the court's job to create and develop arguments to support the motion."). Finally, such practice would encourage counsel to continue filing similar briefs and condemn future claimants to receiving inadequate representation. *See United States v. Oliver*, 878 F.3d 120, 127 (4th Cir. 2017) ("Habitual *sua sponte* consideration of a forfeited issue

*Sepúlveda-Vega v. Commissioner of Social Security*, 23-1268 (MDM)                                                    Page | 18
*Rivas-Berrios v. Commissioner of Social Security*, 23-1320 (MDM)
*Sánchez-Carrion v. Commissioner of Social Security*, 23-1428 (MDM)

disincentivizes vigorous advocacy and thereby chips away at the foundation of our justice system.").

Based on the foregoing, the wholly underdeveloped and deficient arguments raised by all three plaintiffs are deemed waived and, therefore, the Court rejects the plaintiffs' challenges to the Commissioner's redetermination of their entitlement to DIB.

Though the above finding is dispositive, the Court goes a little further. After hearing from the plaintiffs' counsel at oral argument, the Court was able to make out the plaintiffs' chief complaint of the agency's redetermination decisions. To be clear, the arguments cannot avoid forfeiture. The Court nevertheless notes that following direct questioning from the undersigned, counsel for the plaintiff acknowledged that the pleadings were lacking but took the opportunity to clarify that their main contention is that, on remand for redetermination for entitlement to DIB, the agency did not conduct an independent and individualized investigation to determine whether the two indicted doctors, Dr. Hernández González and Dr. Vargas, and indicted non-attorney representative, Torres Crespo, *in fact* committed fraud in any of these three consolidated cases. Plaintiffs do not contend, for example, that the non-fraudulent evidence *was* sufficient to support their original award. Nor do they challenge any of the ALJ's specific reasons for disregarding the Torres Crespo, Dr. Hernández González, and Dr. Vargas evidence. Rather, the plaintiffs' chief contention is that the agency improperly relied on conjecture and assumed fraud was committed without conducting the required analysis. Not so. A cursory review of the administrative procedural history of all three cases, as well as a thorough review of the agency's redetermination decisions, prove that plaintiffs' arguments are categorically wrong.

Indeed, in all three cases, upon remand, the agency conducted a factually specific analysis of the allegedly fraudulent evidence, as is required, and each ALJ discussed said evidence specifically. Significantly, moreover, the plaintiffs

*Sepúlveda-Vega v. Commissioner of Social Security*, 23-1268 (MDM)                                                  Page | 19
*Rivas-Berrios v. Commissioner of Social Security*, 23-1320 (MDM)
*Sánchez-Carrion v. Commissioner of Social Security*, 23-1428 (MDM)

constitutional and procedural rights were protected because they all had notice and an opportunity to rebut the exclusion of the evidence. After the requisite hearings, which counted on the plaintiffs' participation, the ALJs then proceeded to thoroughly explain the reasoning for their individual determinations that there was reason to believe that fraud or similar fault was involved in the applications for DIB of all three plaintiffs. As a result, in compliance with Social Security law and regulations, the ALJs in all three cases explicitly identified the evidence they would not consider and provided proper and reasonable explanations as to why the evidence was being excluded. The ALJ's then proceeded to analyze the remaining evidence of record for each plaintiff and conducted individualized and fact-specific determinations of entitlement to DIB for all three plaintiffs. During oral argument, the undersigned read *verbatim* for the record each of the three challenged ALJ redetermination decisions and explicitly noted the portions of the decisions where the ALJs made clear and individualized determinations as to why they had reason to believe that fraud or similar fault was committed in the preparation or presentation of the evidence submitted by either Torres Crespo, Dr. Hernández González, or Dr. Vargas as it related to plaintiffs' original applications for DIB.

The Court therefore finds that the ALJ's determinations with respect to the exclusion of the evidence in question for presumably being tainted by fraud or similar fault was reasonable and well-supported. The Court further finds that in all three cases, the ALJs correctly utilized the regulatory five-step sequential evaluation process for evaluating disability claims and the ALJs reasonably found that plaintiffs were not disabled, as defined by the SSA.

Accordingly, the ALJs' redetermination decisions for all three cases are free from legal error and are sufficiently supported by the overall record.

*Sepúlveda-Vega v. Commissioner of Social Security*, 23-1268 (MDM)                    Page | 20
*Rivas-Berrios v. Commissioner of Social Security*, 23-1320 (MDM)
*Sánchez-Carrion v. Commissioner of Social Security*, 23-1428 (MDM)

## IV.    <u>Conclusion</u>

On the whole, the Court finds that the Commissioner properly evaluated and considered the entire record of the three above-captioned cases and finds that the redetermination decisions in all three cases are free from legal error and supported by substantial evidence. The Commissioner's decision is therefore **AFFIRMED**. *See Irlanda Ortíz*, 955 F.2d at 769 (holding that a court "must uphold the [Commissioner's] findings . . . if a reasonable mind, reviewing the evidence as a whole, could accept it as adequate to support his conclusion.") (quoting *Rodríguez*, 647 F.2d at 222).

**IT IS SO ORDERED AND ADJUDGED.**

In San Juan, Puerto Rico, this 3rd day of July 2024.

*s/ Marshal D. Morgan*

MARSHAL D. MORGAN
United States Magistrate Judge